THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRGINIA A. BURDETTE,<br><br>Plaintiff,<br><br>v.<br><br>EMERALD PARTNERS LLC, *et al.*,<br><br>Defendants. | CASE NO. C15-0816-JCC<br><br>ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE WITH REFERRAL TO BANKRUPTCY COURT FOR PRETRIAL MATTERS |

This matter comes before the Court on Defendants' Motion to Withdraw the Reference. (Dkt. No. 1 at 5.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the Motion and REFERS this case to the Bankruptcy Court for all pretrial proceedings in accordance with this Order for the reasons explained herein.

I.   BACKGROUND

The facts underlying this matter, as alleged by Emerald Partners LLC and Virginia A. Burdette in their respective Motion to Withdraw the Reference and Opposition, are as follows: Defendants, collectively known as "Haller Farms," are tenants in common owners of land in Skagit County, Washington. (Dkt. No. 1 at 6.) Plaintiff was appointed Chapter 7 trustee after the Chapter 11 bankruptcy, filed by Cascade Ag Services, Inc. in August 2012, was converted to Chapter 7 liquidation in August 2014. (Dkt. No. 1 at 7.) Cascade Ag Services, Inc. is the

surviving company of a merger of four corporations that occurred two weeks before the bankruptcy filing. (*Id.*)

Plaintiff contends there was "some form of contractual agreement" between Cascade Ag Services, Inc. and Haller Farms relating to blueberry plants on Defendants' land. (Dkt. No. 1 at 53.) One or more of the companies that merged to form Cascade Ag Services, Inc. leased land from Haller Farms. (Dkt. No. 1 at 7.) In October 2012, Defendants filed a proof of claim in the bankruptcy proceeding for "lease payments due." (Dkt. No. 1 at 71.) In February 2015, Plaintiff filed an adversary proceeding against the Defendants in Bankruptcy Court alleging: (1) declaratory judgment; (2) breach of joint venture agreement; (3) breach of partnership agreement; (4) breach of crop share agreement; (5) fraudulent transfer; (6) improper post-petition transfer; (7) unjust enrichment; and (8) constructive trust. (Dkt. No. 1 at 8.)

Defendants filed a Demand for Jury Trial in March 2015 and do not consent to the Bankruptcy Court conducting the jury trial. (Dkt. No. 1 at 9.) The Bankruptcy Court found Defendants to have a right to a jury trial, and at the Court's instruction the Defendants filed the Motion to Withdraw the Reference on April 24, 2015 (Dkt. No. 1 at 5–17.)

## II. DISCUSSION

### A. Standard of Review

Pursuant to Local Civil Rule 87(a), "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11" are automatically referred to the Bankruptcy Court. W.D. Wash. Local Civ. R. 87(a). A district court has the authority to withdraw the reference in whole or in part, sua sponte or on motion of any party, for cause shown. 28 U.S.C. § 157(d).

In assessing whether cause is shown, a district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). There is no exact definition of a core proceeding, although, 28 U.S.C. § 157(b)(2)(B) provides a non-exhaustive

list. *In re Cinematronics, Inc.*, 916 F.2d 1444, 1449 (9th Cir. 1990). Bankruptcy courts "may enter appropriate orders and judgments" in core proceedings. 28 U.S.C. § 157(b)(1). A non-core proceeding is an "action that do[es] not depend on bankruptcy laws for [its] existence and that could proceed in another court." *Security Farms v. Int'l Bhd. Of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997). Bankruptcy courts must submit proposed findings of fact and conclusions of law to the district court for de novo review in non-core proceedings. 28 U.S.C. § 157(c)(1).

Once a district court determines whether the claims are core or non-core, the Ninth Circuit instructs district courts to consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008 (citing *In re Orion Pictures Corp.*, 4 F.3d at 1101). Where non-core issues predominate, withdrawal may promote efficiency because a single proceeding in the district court could avoid unnecessary costs implicated by the district court's de novo review of non-core bankruptcy determinations. *Sec. Farms*, 124 F.3d at 1008-1009. District courts have discretion to determine whether the moving party has shown sufficient cause to justify granting a motion to withdraw the reference. *In re Cinematronics, Inc.*, 916 F.2d at 1451; *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 215 (C.D. Cal. 2014).

The presence of a jury demand may be cause for withdrawal of the reference. "If the right to a jury trial applies…the bankruptcy judge may conduct the trial if specifically designated to exercise such jurisdiction by the district court and *with the express consent of all the parties.*" 28 U.S.C. § 157(e)(emphasis added). The Ninth Circuit has concluded that "bankruptcy courts cannot conduct jury trials on non-core matters, where the parties have not consented." *In re Cinematronics, Inc.*, 916 F.2d at 1451. However, the demand for a jury trial does not necessitate automatic withdrawal of the reference. *Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 787-788 (9th Cir. 2007).

### B. Consideration of Factors

After considering the relevant factors, this Court finds withdraw of the reference

warranted. The Court refers this case to the bankruptcy court for all pretrial proceedings in accordance with this Order.

### 1. Whether the Claims are Core or Non-core

This factor favors withdrawing the reference to the bankruptcy court because most of the claims in this case are non-core claims. Defendants argue that, at most, two of the Plaintiff's eight claims are core: fraudulent transfer and improper post-petition transfer. (Dkt. No. 1 at 173.) Plaintiff does not expressly dispute that the remaining six claims are properly classified as non-core. (Dkt. No. 1 at 51–64.) In other words, it appears the parties agree the remaining six claims do not depend on bankruptcy law and could proceed in another court. Thus, because non-core claims predominate, this factor favors hearing the present case in district court, in toto, so as to effect a single proceeding.

### 2. Efficient Use of Judicial Resources

This factor favors withdrawing the reference to the bankruptcy court with referral to Judge Overstreet for pretrial matters. In this case, the majority of the claims are classified as non-core, thus, withdrawal may promote efficiency because a single proceeding in the district court could avoid unnecessary costs implicated by the district court's de novo review of bankruptcy determinations. *Sec. Farms*, 124 F.3d at 1008-1009. However, because this case has been before the bankruptcy court since August 2012, Judge Overstreet is familiar with the underlying facts and legal issues. (Dkt. No. 1 at 60.) As such, an efficient allocation of judicial resources would allow the bankruptcy court to maintain jurisdiction over pretrial matters. Accordingly, this consideration favors withdrawing the reference to the bankruptcy court with referral to Judge Overstreet for pretrial matters.

### 3. Delay and Costs to the Parties

Neither party asserts that withdrawal of the automatic reference to the Bankruptcy Court would cause delay or additional costs. Nonetheless, the adversary proceeding is in the early stages and withdrawal of the reference will most likely not cause significant delay or costs to the

ORDER GRANTING MOTION TO WITHDRAW
THE REFERENCE WITH REFERRAL TO
BANKRUPTCY COURT FOR PRETRIAL
MATTERS
PAGE - 4

parties.

### 4. Uniformity of Bankruptcy Administration

This factor slightly favors keeping the claims before the bankruptcy court because withdrawal may undermine the uniformity of bankruptcy administration. Plaintiff argues that withdrawal of the reference will disrupt the uniform administration of the bankruptcy estate. (Dkt. No. 1 at 60–61.) Two of the Plaintiff's eight claims concern this factor: fraudulent transfer and improper post-petition transfer. These two claims are not independent from issues of administration of the bankruptcy estate and should be resolved in uniformity with the other claims in the case. However, the two core claims are overshadowed by non-core claims. As such, this factor only slightly favors keeping the claims before the bankruptcy court.

### 5. Prevention of Forum Shopping

Forum shopping does not appear to be a pressing issue in this case because of the timely manner in which this Motion was filed. (Dkt. No. 1 at 17.) However, the Bankruptcy Court's suggestion that the Defendants file this Motion favors withdrawal of the reference. (Dkt. No. 1 at 9.)

### 6. Right to Trial by Jury

Defendants demand for a jury trial favors hearing the case in District Court. On March 27, 2015, Defendants timely filed a Demand for Jury Trial and Withholding of Consent. (Dkt. No. 1 at 9.) The Defendants "demanded a jury trial on all issues in the adversary proceeding, and do not consent to having the jury trial conducted by the Bankruptcy Court on any issues in the adversary proceeding." (*Id.*) Accordingly, without the consent of all the parties, the Bankruptcy Court may not conduct a jury trial on the non-core claims that are jury-trial eligible.

Defendants have a Seventh Amendment right to a jury trial on five out of Plaintiff's eight claims. The Supreme Court outlined a two-part analysis to determine whether the Seventh Amendment entitles a party to a jury trial in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). This test determines (1) whether the action would have been deemed legal or equitable in

18th century England, and (2) whether the remedy sought is legal or equitable in nature. *Id.* The Court noted that the second factor is "more important than the first." *Id.* Under this analysis, Defendants are entitled to a jury trial on Plaintiff's breach of contract claims because Plaintiff seeks a legal remedy. (Dkt. No. 1 at 29.) Additionally, Defendants are entitled to a jury trial on Plaintiff's unjust enrichment claim because the claim shares a common issue of fact with the breach of contract claims—the issue of whether an agreement existed between the Defendant and Cascade Ag Services, Inc. for the blueberry business. (Dkt. No. 1 at 16.) *See Shum v. Intel Corp.*, 630 F. Supp. 2d 1063, 1077-78 (N.D. Cal. 2009). Finally, Defendants are also entitled to a jury trial on Plaintiff's claim for declaratory judgment because the issues are legal in nature. *See Simler v. Conner*, 372 U.S. 221, 223 (1963) ("The fact that the action is in form a declaratory judgment case should not obscure the essentially legal nature of the action.").

Plaintiff argues that Defendants' proof of claim filed in the bankruptcy proceeding forfeits Defendants' right to a jury trial on the two core claims and should extend to the non-core claims as well. (Dkt. No. 1 at 59–60.) However, it is unreasonable to assume that Defendants, who filed a proof of claim in 2012, "willingly surrendered [their] constitutional right to a jury trial for the resolution of disputes that are only incidentally related to the bankruptcy process." *Germain v. Connecticut National Bank*, 988 F.2d 1323, 1330 (2d Cir. 1993). The Defendants' proof of claim affects the claims allowance process with regard to the two core claims because they "arise as part of the process of allowance and disallowance of claims." *Granfinanciera*, 492 U.S. at 58. However, the remaining claims would only augment the estate with no effect on the claims allowance process. Thus, Defendants should not be deemed to have forfeited the right to a jury trial on the non-core claims because of the proof of claim filed in the bankruptcy proceeding. As such, the Defendants' demand for a jury trial favors hearing the case in District Court.

## III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Withdraw the Reference (Dkt. No. 1 at

ORDER GRANTING MOTION TO WITHDRAW
THE REFERENCE WITH REFERRAL TO
BANKRUPTCY COURT FOR PRETRIAL
MATTERS
PAGE - 6

5) is GRANTED. The Court REFERS this case to the Bankruptcy Court for all pretrial proceedings in accordance with this Order.

DATED this 16th day of July 2015.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE